

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Thomas K. Jenkins, )
)
    Plaintiff, )
)
v. ) Civil Action No. 18-2678 (UNA)
)
United States District Court *et al.*, )
)
    Defendants. )

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is incarcerated in Baltimore, Maryland. He sues the United States District Court in Greenbelt, Maryland, and the Federal Medical Center in Butner, North Carolina ("FMC Butner"). Plaintiff alleges:

> Acting under color of law and against the dignity of the people of the State – on or about the years of 2016, 2017, 2018[,] the United States District Court did with reckless disregards to rule provision and the United States constitution – willfully, intentionally, purposely, and pugnaciously violate my constitutional rights, and my civil rights in furtherance of their – conspiracy to illegally incarcerate me[.]

Compl. at 1. Plaintiff then proceeds to recount events that took place during his criminal prosecution, *see id.* at 2-5, alleging, among other things, that "they . . . engaged in a tyrannical prosecution and judgeship," *id.* at 3-4. Regarding the Federal Medical Center, plaintiff alleges that "[t]hey even employed both FMC's Butner and Devens – to play competency games with me." *Id.* at 5. He accuses staff at the Butner facility of, among other things, inducing his "psychotic behavior," stealing his "legal effects," opening his legal mail, and generally interfering with his right to represent himself presumably in court proceedings. *Id.* at 5-8.

Invoking the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, *see* Compl. Caption, plaintiff seeks "compensatory, nominal, punitive and monetary damages in the amount of $100,000,000.00," Compl. at 8.[1] The FTCA waives the United States' immunity under certain circumstances, but not for torts predicated as here on constitutional violations.[2]

---

[1] Under the FTCA, "the term 'Federal agency' includes . . . the judicial . . . branch[.]" 28 U.S.C. § 2671.

[2] To the extent that the complaint may be construed as including non-constitutional claims based on plaintiff's treatment at FMC Butner, *see* Compl. at 6-7, dismissal still would be required because there is no indication that plaintiff has exhausted his administrative remedies under the FTCA by presenting a claim "to the appropriate Federal agency" and obtaining a final written denial or allowing six months to pass without a final disposition. 28 U.S.C. § 2675(a). And under the law of this circuit, the presentment requirement is "jurisdictional." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 371 (D.C. Cir. 2007).

*Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 478 (1994). Accordingly, plaintiff's FTCA claim is hereby on sovereign immunity grounds.

A "patently insubstantial" complaint may be dismissed on jurisdictional grounds as well. *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009). Plaintiff's complaint against the district court arises from the actions of "federal judges who have done nothing more than their duty" and thus constitutes "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 179 (D.D.C. 2011) (finding "claims against the district and court of appeals judges . . . patently frivolous because federal judges are absolutely immune from lawsuits predicated, as here, for their official acts"). Accordingly, the complaint against the district court is hereby dismissed for this additional reason with prejudice.[3] *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam) ("A dismissal with prejudice is warranted . . . when a trial court 'determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'") (quoting *Jarrell v. United States Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (emphasis omitted)).

Date: January 24, 2019

United States District Judge

---

[3] A separate order accompanies this Memorandum Opinion.